**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1599**

INSHALLAH BROWN,

Plaintiff - Appellant,

v.

HOUSING AUTHORITY OF BALTIMORE CITY; ALICIA LONDON; DWAYNE LONDON,

Defendants - Appellees,

and

BALTIMORE CITY COUNCIL, Mayor and,

Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:16-cv-03616-MJG)

Submitted: January 31, 2019          Decided: February 8, 2019

Before AGEE, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Maul, THE LAW OFFICE OF BRIAN M. MAUL, LLC, Frederick, Maryland, for Appellant. Carrie Blackburn Riley, BLACKBURN RILEY, LLC, Baltimore,

Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Inshallah Brown appeals the district court's order granting summary judgment in favor of the Housing Authority of Baltimore ("HABC") on Brown's retaliation claim brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2017) and dismissing Brown's remaining state law claims against the defendant landlords because the court lacked supplemental and pendant jurisdiction after granting summary judgment on the federal claim. Brown challenges the district court's determination that she did not carry her prima facie burden to demonstrate that the adverse employment actions were causally connected to her protected activity of filing a race discrimination charge against HABC with the Maryland Commission on Civil Rights.

We review "de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, the court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the

3

building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

"Retaliation claims . . . require the employee to show that retaliation was a but-for cause of a challenged adverse employment action." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (internal quotation marks omitted). To establish a prima facie case of retaliation, a plaintiff must demonstrate "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Id.* (alterations and internal quotation marks omitted).

We have carefully reviewed the parties' briefs and the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Brown v. Housing Auth. of Baltimore*, No. 1:16-cv-03616-MJG (D. Md. May 1, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*